CDF LABOR LAW LLP
   Dawn M. Irizarry, State Bar No. 223303
   dirizarry@cdflaborlaw.com
   Carolina A. Schwalbach, State Bar No. 280783
   cschwalbach@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone:  (213) 612-6300

Attorneys for Defendant
DELTA AIR LINES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN JAMES, an individual, | ) Case No. 2:24-cv-10992 |
| Plaintiff, | ) Removed from LASC Case No. 24STCV30899 |
| vs. | ) |
| DELTA AIR LINES, INC, a corporation; ANTHONY PICKARD, an individual ; and DOES 1 through 50, inclusive, | ) **DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(a) AND 1446** |
| Defendants. | ) [Filed concurrently with: Civil Cover Sheet, Declaration of Dawn M. Irizarry, Declaration of Lauren Owens, Notice of Interested Parties, and Corporate Disclosure Statement] |

CDF Labor Law LLP

4900-0240-4099.2

**TO THE CLERK OF THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant DELTA AIR LINES, INC., ("Delta"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California based on the original jurisdiction of this Court under 28 United States Code ("U.S.C") sections 1332(a), 1441 and 1446.  In support of this removal, Delta states as follows:

## I.  BACKGROUND

1.     On or about November 22, 2024, Plaintiff Jordan James ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of California, County of Los Angeles, captioned *Jordan James v. Delta Airlines, Inc., a corporation; Anthony Pickard, an individual, and DOES 1-50, Inclusive,* and bearing the case number 24STCV30899 (the "Action"). True and correct copies of all pleadings, process, and orders, and any other documents on file with the State Court in this Action, inclusive of Delta's Answer, are attached to this Notice as Exhibit A.

2.     As of the date of this removal, Delta has been served with the Summons and Complaint in this Action, but individual defendant Anthony Pickard has not been served with the Summons and Complaint in this matter.  [Exhibit A, Proof of Service; Declaration of Dawn M. Irizarry ("Irizarry Decl.") ¶ 2; Declaration of Anthony Pickard filed concurrently herewith ("Pickard Decl.") ¶ 5.]

3.     In the Complaint, "Plaintiff" asserts claims for: (1) Fraudulent Inducement to Move in Violation of Labor Code section 970; (2) Disability Discrimination, (3) Failure to Reasonably Accommodate a Disability, (4) Failure to Engage in the Good Faith Interactive Process, (5) Retaliation in Violation of FEHA, (6) Whistleblower Retaliation in Violation of Labor Code section 1102.5, (7) Retaliation for taking leave under the California Family Rights Act (CFRA), and (8)

1  Defamation and Slander Per Se.  [*See* Complaint ("Compl."), *generally*.]

2       4.       The following is a short and plain statement of the grounds for removal:

3                        **II.  JURISDICTION**

4       5.       This court has original jurisdiction over this Action under 28 U.S.C.

5  sections 1332(a), 1441 and 1446 as this dispute is between citizens of different states

6  and the amount in controversy is greater than $75,000, as set forth more fully below.

7  **III.  SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28**

8                        **U.S.C. § 1446**

9       6.       In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the

10  District Court of the United States in which the action is pending.  The Superior

11  Court of California, County of Los Angeles is located within the Central District of

12  California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. section

13  84(a) because it is the "district and division embracing the place where such action is

14  pending." 28 U.S.C. §1441(a).

15       7.       Delta was served with the Summons and Complaint in this Action on

16  November 25, 2024. (Irizarry Decl. ¶ 2.)  Therefore, Delta's Notice of Removal is

17  timely under 28 U.S.C. §1446(b)(1).  *See Novak v. Bank of New York Mellon Tr. Co.,*

18  *NA.,* 783 F.3d 910, 911 (1st Cir. 2015) ("service generally not a prerequisite for

19  removal" and a "defendant may remove a state-court action to federal court any time

20  after the lawsuit is filed but before the statutorily-defined period for removal ends").

21       8.       In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is

22  being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the

23  Superior Court of California in the County of Los Angeles and with the Clerk of the

24  Central District of California. True and correct copies of the Notice to the Plaintiff

25  and the state court shall be filed promptly.

26  ///

27  ///

28

## IV.  REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332 AND §1441.

9.    Plaintiff's claims, as alleged in the Complaint, are removable under 28 U.S.C. section 1332(a) (diversity of citizenship).  Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *Id.*

### A.    The Parties Are Completely Diverse.

10.    Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

### 1.    Anthony Pickard Is A "Sham" Defendant.

11.    A non-diverse party named in a state court action may be disregarded if the non-diverse party's joinder is a "sham," or "fraudulent," such that no possible cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  The term "fraudulent joinder" is a term of art; "it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  In determining fraudulent joinder, the court may "pierce the pleadings" and consider summary judgment-type evidence in the records. *Travis v. Irby*, 326 F.3d 644, 648-649 (5th Cir. 2003); *see also McCabe*, 811 F.2d at 1339; *Casias v. Wal-mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) ("The court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'")

12.    Plaintiff named Mr. Pickard as a defendant as to his eighth cause of action for defamation/slander per se.  A review of the Complaint demonstrates that Plaintiff has not stated and cannot state a defamation claim against Mr. Pickard

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES
DISTRICT

4900-0240-4099.2

1  because all of the purported statements fall within the scope of Mr. Pickard's

2  management responsibilities; thus, they are privileged, as further summarized below.

3          **a.      No Possible Defamation Cause of Action Against Mr. Pickard.**

4          13.     Mr. Pickard is an Employee Support Center Manager, LAX ("ESC") for

5  Delta.  In this role, Mr. Pickard is tasked with facilitating the return to work for Delta

6  employees working at LAX when their leave request is either denied or where the

7  leave has ended/come to an end, as well as of processing employee transfers in or out

8  of LAX, amongst other things. (Declaration of Anthony Pickard ("Pickard Decl."), at

9  ¶ 3).  Mr. Pickard has held this role since April 2023.  (*Id.*).  Prior to holding this

10 position, Mr. Pickard acted as an Operations Service Manager for Delta's above-wing

11 operations at LAX.  (Pickard Decl., ¶ 2).  In that position, Mr. Pickard was

12 responsible for supervising employees, including dealing with performance,

13 attendance and tardiness and scheduling issues.  (*Id.*)

14         14.     Plaintiff alleges that, in his capacity as ESC, Mr. Pickard published

15 statements regarding Plaintiff's poor performance at work and that he committed

16 safety violations by traveling with an active COVID infection. (Complaint ¶97).

17 Specifically, Plaintiff alleges that "on or about January 2023, Pickard began to falsely

18 publicize that Plaintiff flew knowing that he actively had COVID, even though

19 Pickard knew Plaintiff had tested negative and followed Delta policy…" and that

20 "Plaintiff was told that he was suspended and being investigated for allegedly

21 violating Delta policy and flying with COVID."  (Complaint ¶¶ 17, 26). Plaintiff

22 further alleges that he "may" have "been compelled to self-publication of these false

23 claims in Plaintiff's job search." (Complaint ¶ 99).

24         15.     The tort of defamation involves a **non-privileged** communication;

25 specifically, a plaintiff must allege "(a) a publication that is (b) false, (c) defamatory,

26 and (d) unprivileged, and that (e) has a natural tendency to injure or that causes

27 special damage." *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007).  Plaintiff has not and

28 cannot 'state a viable defamation claim against Mr. Pickard because the alleged

                                                  5

4900-0240-4099.2

1  disclosure (assuming it occurred at all) was privileged.

2      16.    An employer has a privilege to communicate, without malice, with

3  persons who have a "common interest" in the subject matter of the communication.

4  Civ. C. § 47(c); *Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1369

5  (2003); *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 440 (2007)

6  ("employer's statements to employees regarding the reasons for termination of

7  another employee generally are privileged"); *Deaile v. Gen. Tel. Co. of California*,

8  40 Cal. App. 3d 841, 848 (1974) (holding statements related to the reasons for the

9  plaintiff's forced retirement were all privileged). Any doubts as to whether the

10  privilege applies "must be resolved in favor of finding a privilege." *Costa v. Superior*

11  *Court*, 157 Cal.App.3d 673, 678 (1984).

12      17.    Any statement that Mr. Pickard allegedly made about an investigation

13  into Plaintiff's potential violation of workplace policies - which ultimately led to the

14  end of Plaintiff's employment (*see* Complaint ¶¶ 26-27), is privileged. *See King v.*

15  *United Parcel Service, Inc*. 152 Cal.App.4th 426, 440-442 (2007) (statements

16  regarding the reasons for termination of an employee generally are privileged); *see*

17  *also McGrory v. Applied Signal*, 212 Cal.App.4th 1510, 1538 (2013) (those with

18  mutual interest include supervisors and managing officers and even other

19  employees); *Cuenca v. Safeway San Francisco Federal Credit Union*, 180

20  Cal.App.3d 985, 996 (1986) (statements regarding investigation of plaintiff

21  communicated to employees and board members within scope of privilege because

22  communications were directly relevant to plaintiff's fitness as manager and because

23  recipients had mutual interest). Specifically, Mr. Pickard only had discussions

24  regarding this investigation with Plaintiff as well as with management level/Human

25  Resources employees to whom he reported and/or consulted regarding this potential

26  policy violation. (Pickard Decl., ¶ 4).

27      18.    A plaintiff may defeat the privilege by showing that the defendant acted

28  with malice. *See Noel,* 113 Cal. App. 4th at 1368; *Arvizu,* 2017 WL 747432, at *4.

1  The plaintiff must demonstrate "actual malice" by showing that either: (1) "the

2  publication was motivated by hatred or ill will towards the plaintiff," or (2) "the

3  defendant lacked reasonable grounds for belief in the truth of the publication and

4  therefore acted in reckless disregard of the plaintiff's rights." *Id.* "Mere allegations

5  that the statements were made 'with malice' or with 'no reason to believe the

6  statements were true' are insufficient to rebut the presumption of privilege."

7  *Kacludis v. GTE Sprint Commc'ns Corp*., 806 F. Supp. 866, 872 (N.D. Cal. 1992).

8  "[M]alice is not inferred from the communication itself." *Noel*, 113 Cal. App. 4th at

9  1370. The Complaint is devoid of any allegations that would support a showing of

10  actual malice, as required. To the contrary, the communications described by

11  Plaintiff (assuming *arguendo* they occurred), are standard employment

12  communications that arise in the workplace by and between management and an

13  employee when an employee's workplace conduct is being investigated.

14      19.    As Plaintiff has not and cannot state a 'cognizable claim against Mr.

15  Pickard as a matter of law, this Court must disregard Plaintiff's claims against him for

16  purposes of diversity jurisdiction. *See Ritchey v. UpJohn Drug Co.,* 139 F.3d 1313,

17  1318 (9th Cir. 1987) ("It is a commonplace that fraudulently joined defendant will not

18  defeat removal on diversity grounds."); *see also McCabe v. Gen. Foods Corp.*, 811

19  F.2d 1336, 1339 (9th Cir. 1987) ("Under California law no wrongful discharge case

20  was stated against them…McCabe failed to state any cause of action against Moltz

21  and Ladson; their joinder to General Foods as defendant was sham; their presence did

22  not destroy diversity.")

23      **2.    Complete Diversity Exists Between The Remaining Parties.**

24      20.    For diversity purposes, an individual is a "citizen" of the state in which

25  s/he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.

26  1983). An individual's domicile is the place s/he resides with the intention to remain

27  or to which s/he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857

28  (9th Cir. 2001).

21.    The Complaint alleges that Plaintiff is a resident of the State of California.  (Complaint ¶ 1).  Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

22.    Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business."  The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.* at 78.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

23.    As of the date of the filing of this Action, Delta has been (and remains) a corporation incorporated under the laws of the State of Delaware.  [Declaration of Lauren Owens ("Owens Decl.") ¶ 4.]  Delta's principal place of business and the location where its officers direct, control, and coordinate its corporate activities has remained, at the time of the filing of this action, and still to this day, in Atlanta, Georgia.  (Owens Decl. ¶ 5-6).  Therefore, at all material times, Delta has been a citizen of the State of Georgia and Delaware with its principal place of business in the state of Georgia.  Delta is not now (nor has it been at any time relevant to this Action) a citizen of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California. (Owens Decl., ¶ 6).

24.    Because Plaintiff is a citizen of the State of California and Delta is a citizen of the States of Georgia and Delaware, complete diversity exists pursuant to 28 U.S.C. §§1332(a).

8

4900-0240-4099.2

**B.**    **The Amount-in-Controversy Requirement is Satisfied.**

25.    From the allegations of the Complaint, it is evident that the amount-in-controversy exceeds $75,000, as required by 28 U.S.C. section 1332(a). Where, as here, the complaint does not specify a particular amount of damages, the removing defendant need only establish the amount in controversy by a preponderance of evidence, *i.e.*, that it is more likely than not that the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).[1] A defendant may show the amount in controversy "by setting forth the *facts* in controversy ... that support a finding of the requisite amount." *Luckett v. Delta Airlines* [sic]*, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees where recoverable by statute. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

26.    Per the Complaint, Plaintiff alleges the following:  "Plaintiff suffered emotional and mental injuries. … has incurred medical expenses, loss of earnings, benefits, and bonuses…" (*See e.g.*, Complaint ¶28, Prayer for Relief, ¶¶ 113-121).

27.    Should Plaintiff prevail on each of the causes of action set forth in the Complaint and should he recover the damages that he seeks for those claims, it is

---

[1] An evidentiary showing is needed only if the amount in controversy alleged in the removal notice is challenged.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "A removing defendant … need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts." *Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596312, at *6 (C.D. Cal. June 16, 2014); see also *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (A notice of removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC § 1332. …").

4900-0240-4099.2

1  "more likely than not" that Plaintiff's recovery will exceed $75,000.[2]  *See Sanchez*,

2  102 F.3d at 403-404.  Plaintiff alleges that his employment was terminated on or

3  about December 20, 2023, and at the time of termination he earned $23.81 per hour.

4  (Complaint ¶ 27; *see* Owens Decl. ¶ 3.)  Assuming Plaintiff would have continued

5  working at his final pay rate, lost wages to date would be at least $49,524

6  (approximately 52 weeks since December 20, 2023 x $952 per week).  Because this

7  case is still in the early pleading stage, it will not be ready for trial for at least another

8  year, at which point Plaintiff's alleged lost income claim will have increased by an

9  additional approximately $49,524.

10       28.    The above calculation also does not include additional alleged lost future

11  wages or lost benefits.  If those recoveries were included in the above calculation, that

12  number would be significantly higher.

13       29.    While the details of Plaintiff's alleged emotional distress damages are

14  not pled in the Complaint, Plaintiff claims that he "did suffer and continues to suffer

15  severe emotional and mental distress, anguish, humiliation, embarrassment, fright,

16  shock, pain, discomfort. and anxiety."  (*See* Complaint, ¶ 36). In cases alleging

17  discrimination and wrongful termination, the emotional distress damages award alone

18  often exceeds the $75,000 amount in controversy requirement.  In *Elliott v. City of*

19  *Gardena*, 2001 WL 1255712 (Los Angeles County Superior Court, July 23, 2001),

20  the jury awarded the plaintiff in a discrimination case $1,650,000 where the plaintiff's

21  only claimed injury was emotional distress damages.  In *Comey v. County of Los*

22  *Angeles*, 2007 WL 3022474 (Los Angeles County Superior Court, Aug. 15, 2007), the

23  jury awarded a plaintiff in a discrimination case $768,286, of which $100,000 was for

24  non-economic damages.  *See also Conney v. University of California Regents*, 2004

25

26

27  [2] By estimating the amounts Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendant reserves the  right to

28  dispute Plaintiff's claims with respect to both liability and damages.

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES
DISTRICT

WL 1969934 (Los Angeles County Superior Court, July 27, 2004) ($300,000 in past non-economic damages and $600,000 in future non-economic damages awarded to plaintiff claiming discrimination and retaliation). These awards demonstrate that, for diversity purposes, the value of the emotional distress facet of Plaintiff's claimed damages alone exceeds the $75,000 amount in controversy requirement.

30. Furthermore, in these types of discrimination cases, attorneys' fees alone are almost always more than $75,000. *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes statutory or contractual attorneys' fees); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (amount in controversy includes potential recovery of attorneys' fees which assumes that plaintiff prevails on underlying claims); *Koehler v. Imperial Capital Bank*, 2005 WL 3981235 (California arbitration award, December 30, 2005) (attorneys' fees and costs of $438,707 awarded in addition to award of $508,558 for discrimination, violation of public policy, wrongful termination, and retaliation); *See Jadwin v. Cty. of Kern*, 767 F.Supp.2d 1069, 1141 (E.D. Cal. 2011) (awarding prevailing plaintiff under the FEHA $573,700 in attorneys' fees); *Noyes v. Kelly Serv., Inc.*, No. 2:02-cv-2685, 2008 WL 3154681 (awarding plaintiff $765,972.70 in attorneys' fees in a FEHA action); *Hous. Rights Ctr. v. Sterling*, No. CV-03-859, 2005 U.S. Dist. LEXIS 31872, at *29 (C.D. Cal. Nov. 2, 2005) (awarding prevailing plaintiff in FEHA action $4,923,554.75 in attorneys' fees); *Vo v. Las Virgenes Municipal Water Dist.*, 79 Cal. App. 4th 440, 442 (Cal App. 2d Dist. 2000) (affirming award of $470,000 in attorneys' fees to plaintiff in a FEHA action). As these cases demonstrate, an award of attorneys' fees in an employment discrimination case puts the amount in controversy at an amount greater than $75,000. *Vasquez v. Arvato Digital Serv., LLC*, No. CV-11-02836, 2011 U.S. Dist. LEXIS 69154, at *9 (C.D. Cal. June 27, 2011); *Rivera v. Costco Wholesale Corp.*, No. C-08-02202, 2008 U.S. Dist. LEXIS 58610, at *8-11 (N.D. Cal. July 11, 2008) (amount in controversy exceeded $75,000 where plaintiff's lost wages equaled

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES
DISTRICT

4900-0240-4099.2

1   $52,000 and plaintiff also sought emotional distress damages, punitive damages, and

2   attorneys' fees).

3       31.    Finally, Plaintiff has requested an award of punitive damages, which

4   must be included in calculating the amount placed in controversy. *Bell v. Preferred*

5   *Life Assurance Soc'y*, 320 U.S. 238, 240-41 (1943); *Gibson v. Chrysler Corp.*, 261

6   F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part

7   of the amount in controversy in a civil action."); *Romo v. FFG Ins. Co.*, 397

8   F.Supp.2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are

9   considered as part of the amount in controversy in meeting the prerequisite for

10  diversity jurisdiction).  There are numerous employment discrimination cases in

11  which a jury awarded substantial punitive damages to a prevailing plaintiff under the

12  FEHA.  *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, (9th Cir. 1994) (affirming

13  punitive damages award of $833,434.80 in gender discrimination case under FEHA);

14  *Noyes v. Kelly Serv., Inc.*, No. 2:02-cv-2685, 2008 WL 3154681, at *2 (E.D. Cal.

15  Aug. 4, 2008) (jury verdict of $5.9 million in punitive damages in employment

16  discrimination case); *see Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (citing

17  *Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857 ($60,000 punitive

18  damage award); *Carrol v. Interstate Brands Corp. dba Wonderbread, dba Hostess &*

19  *dba Dolly Madison, et al.*, Cal. Super. Ct. for the County of San Francisco Case No.

20  995728, 1 C.E.L.M. 68 (Sept. 2000) ($121,000,000 punitive damage award); *Lane v.*

21  *Hughes Aircraft Co.*, JVR No. 801112 ($40,000,000 punitive damage award));

22  *Stephens v. Coldwell Banker Com. Grp., Inc.,* 199 Cal. App. 3d 1394 (1988),

23  disapp'd on other grounds by *White v. Ultramar*, 21 Cal. 4th 563, 575 n. 4 (1999)

24  (affirming award of $200,000 in punitive damages in case where plaintiff alleged he

25  was demoted because of his age); *see White v. Ultramar*, 21 Cal. 4th 563, 568 (1999)

26  (affirming award of $300,000 in case where plaintiff was retaliated against for

27  testifying at unemployment hearing); *Wysinger v. Auto. Club of S. California*, 157

28  Cal. App. 4th 413, 418 (2007) (affirming award of $1 million in punitive damages to

1  plaintiff when defendant retaliated against plaintiff for filing an age discrimination
2  complaint); *Holmes v. General Dynamics Corp.*, 17 Cal. App. 4th 1418, 1423 (Cal.
3  App. 4th Dist. 1993) (awarding plaintiff $500,000 in punitive damages when he was
4  terminated for complaining about unlawful conduct).

5       32.     Given Plaintiff seeks the above-referenced forms of damages, if
6  Plaintiff is successful on even one of the claims asserted, his potential recovery will
7  exceed the jurisdictional minimum of $75,000. Other courts have found the
8  jurisdictional amount satisfied in employment lawsuits where the specified damages
9  were much less than the damages Plaintiff has specified here. *Simmons,* 209 F. Supp.
10  2d at 1031 (jurisdictional minimum was satisfied in an employment discrimination
11  case where plaintiff's lost wages totaled $25,600, but plaintiff also sought
12  unspecified amounts in attorney's fees, punitive damages, and emotional distress
13  damages); *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003)
14  (jurisdictional minimum was satisfied in a wrongful termination case even though
15  Plaintiff had only specified $13,000 in damages from lost income because plaintiff
16  also sought unspecified amounts for loss of pay, impaired earning capacity, pre-
17  judgment interest, court costs, and emotional distress, attorneys' fees and punitive
18  damages); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir.
19  1996) (former $50,000 jurisdictional minimum was met where the plaintiff sought
20  approximately $30,000 for violation of contract, as well as additional tort damages
21  and punitive damages).

22       33.     Based on the foregoing, diversity jurisdiction exists pursuant to
23  28 U.S.C. § 1332.  Accordingly, Delta may remove the action to this Court pursuant
24  to the provisions of 28 U.S.C. § 1441(b).

25  **V.  <u>REMOVAL IS PROPER BECAUSE THE ALLEGED IN-FORUM</u>**
26  **<u>DEFENDANT HAS NOT BEEN PROPERLY JOINED AND SERVED</u>**

27       34.     To date, Mr. Pickard has not been served, and therefore removal is
28  appropriate for this additional reason.  (Pickard Decl., ¶ 5); *See, e.g.*, *Dechow v.*

13

1  *Gilead Scis., Inc.*, 358 F.Supp.3d 1051, 1054 (C.D. Cal. 2019) ("Congress did not

2  intend to prohibit removal by in-state defendants who have not been properly joined

3  and served."); *Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, at *4 (C.D. Cal. Feb.

4  14, 2019) (denying remand motion where forum defendant had not been served);

5  *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F.Supp.2d 1123, 1129

6  (N.D. Cal. 2012) ("The Court retains removal jurisdiction over this matter

7  notwithstanding the presence of an unserved California citizen.").

8      35.    28 U.S.C. Section 1441(b)(1) provides that: "A civil action otherwise

9  removable solely on the basis of the jurisdiction under [28 U.S.C. section 1332(a)]

10  may not be removed if any of the parties in interest **properly joined and served as**

11  **defendant** is a citizen of the State in which such action is brought." (Emphasis

12  added.)  As the Third Circuit Court of Appeals observed in interpreting Section 1441,

13  "Congress' inclusion of the phrase 'properly joined and served' addresses a specific

14  problem—fraudulent joinder by a plaintiff—with a bright-line rule.  Permitting

15  removal on the facts of this case does not contravene the apparent purpose to prohibit

16  that particular tactic." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d

17  147, 153 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018) (affirming denial of remand

18  motion); *contra*, *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *3 (C.D. Cal. Jan.

19  7, 2013) (granting remand motion where in-forum defendant had not yet been

20  served).

21      36.    Indeed, earlier cases supporting remand focus on the policy of providing

22  plaintiffs with adequate opportunity to serve a defendant.  *Pullman Co. v. Jenkins*,

23  305 U.S. 534, 540–41 (1939) (affirming remand but noting: "Where there is a non-

24  separable controversy with respect to several non-resident defendants, one of them

25  may remove the cause, although the other defendants have not been served with

26  process and have not appeared. … In such a case there is diversity of citizenship, and

27  the reason for the rule is stated to be that the defendant not served may never be

28  served, or may be served after the time has expired for the defendant who has been

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES
DISTRICT

1  served to apply for a removal, and unless the latter can make an effective application

2  alone, his right to removal may be lost."); *Stiny v. Northrop Grumman Sys. Corp.*,

3  2017 WL 787114, at *1 (C.D. Cal. Mar. 1, 2017) (remanding case where, two days

4  before removal, plaintiff named three California citizens as defendants and failed to

5  notify the removing defendant about the amendment until after removal of the case).

6      37.    As Mr. Pickard has not been "properly joined and served" within the

7  meaning of 28 U.S.C. section 1441(b)(1), removal is permitted.  Removal of this

8  Action "does not contravene the apparent purpose" of section 1441(b)(1).

9  *Encompass Ins. Co.*, 902 F.3d at 153.

10  ### VI.  <u>CONCLUSION</u>

11      38.    As set forth above, this Court has jurisdiction based on diversity of

12  citizenship pursuant to U.S.C. sections 1332(a) and 1441(a). Plaintiff is not a citizen

13  of the same state as Delta, Doe defendants are disregarded for the purposes of

14  diversity jurisdiction and Mr. Pickard is a sham defendant.  In addition, the claims of

15  Plaintiff place more than $75,000 in controversy.  Thus, removal to federal court is

16  proper.

17      39.    In the event this Court has a question regarding the propriety of this

18  Notice of Removal, Delta requests that the Court issue an Order to Show Cause so

19  that Delta may have the opportunity to more fully brief the basis for this removal,

20  and/or order Plaintiff to file a statement of damages and/or citizenship.

21      40.    WHEREFORE, Delta gives notice that the above-described action in the

22  Superior Court of the State of California for the County of Los Angeles – Central

23  District is removed to this Court.

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES
DISTRICT

1

2   Dated:  December 20, 2024         CDF LABOR LAW LLP
                                          Carolina A. Schwalbach
3

4                                     By: _____
                                               Dawn M. Irizarry
5                                     Attorneys for Defendant
                                      DELTA AIR LINES, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      16

4900-0240-4099.2

EXHIBIT A



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Shannon Shaw<br>Delta Air Lines, Inc<br>1030 Delta Blvd<br>Dept 982<br>Atlanta, GA 30354-1989 |
| **Electronic copy provided to:** | Corena Perla<br>Meg Taylor<br>Victor Ector<br>Komal Patel<br>Andre Lecour<br>Laura Dieudonne |

| | |
|---|---|
| **Entity:** | Delta Air Lines, Inc.<br>Entity ID Number  2078129 |
| **Entity Served:** | Delta Air Lines, Inc. |
| **Title of Action:** | Jordan James, An Individual vs. Delta Air Lines, Inc., A Corporation |
| **Matter Name/ID:** | Jordan James, An Individual vs. Delta Air Lines, Inc., A Corporation (16563496) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 24STCV30899 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/25/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Levy Labor Law<br>866-470-1263 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DELTA AIR LINES, INC., a corporation; ANTHONY PICKARD, an individual, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JORDAN JAMES, an individual

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/22/2024 10:52 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 N. Hill St., Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>24STCV30899 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LEVY LABOR LAW, 5850 Canoga Ave. 4th Floor, Woodland Hills, CA 91367

| DATE:<br>*(Fecha)* 11/22/2024 | Clerk, by<br>*(Secretario)* | David W. Slayton, Executive Officer/Clerk of Court<br>D. Williams | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* **DELTA AIR LINES, INC., a corporation**

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)       [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeremy Levy, Esq. (#309462)<br>LEVY LABOR LAW, P.C., 5850 Canoga Ave. 4th Floor, Woodland Hills, CA 91367<br><br>TELEPHONE NO.: 866-470-1263     FAX NO.: 747-264-5437<br>EMAIL ADDRESS: jjlevy@levylaborlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, James Jordan | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/22/2024 10:52 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Williams, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
JORDAN JAMES V. DELTA AIR LINES, INC., ANTHONY PICKARD and DOES 1-50

| CIVIL CASE COVER SHEET<br>[x] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded        demanded is<br>exceeds $35,000)  $35,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>24STCV30899 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 8 - Fraudulent Inducement LC 970, Disability Discrimination, Harassment, and Retaliation,
5. This case [ ] is  [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 22, 2024
Jeremy Levy, Esq.
_____
(TYPE OR PRINT NAME)    ▶    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book account) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/22/2024 10:52 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

| SHORT TITLE | CASE NUMBER |
|---|---|
| JAMES JORDAN V. DELTA AIR LINES, INC. | 24STCV30899 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases -- unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| JAMES JORDAN V. DELTA AIR LINES, INC. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23        **CIVIL CASE COVER SHEET ADDENDUM**        LASC Local Rule 2.3

For Mandatory Use               **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| JAMES JORDAN V. DELTA AIR LINES, INC. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| JAMES JORDAN V. DELTA AIR LINES, INC. | |

| | **A** Civil Case Cover Sheet Case Type | **B** Type of Action (check only one) | **C** Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| JAMES JORDAN V. DELTA AIR LINES, INC. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>6150 W. Century Blvd. |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90045 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central District___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _11/22/2024_

_Jeremy Levy_

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/22/2024 10:52 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

Jeremy J. Levy, Esq. (SBN 309462)
**LEVY LABOR LAW**
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367
Tel: (866) 470-1263
Fax: (747) 264-6044
jjlevy@levylaborlaw.com

Attorneys for Plaintiff,
JORDAN JAMES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JORDAN JAMES, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>DELTA AIR LINES, INC., a corporation;<br>ANTHONY PICKARD, an individual, and<br>DOES 1 through 50, inclusive.<br><br>                    Defendants. | Case No.:  24STCV30899<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Fraudulent Inducement to Move in Violation of Labor Code §970<br>2. Disability Discrimination<br>3. Failure to Reasonably Accommodate a Disability<br>4. Failure to Engage in the Good Faith Interactive Process<br>5. Retaliation in Violation of FEHA<br>6. Whistleblower Retaliation in Violation of Labor Code §1102.5<br>7. Retaliation for taking leave under the California Family Rights Act (CFRA)<br>8. Defamation and Slander Per Se |

PLAINTIFF complains and alleges as follows:

1.      Plaintiff JORDAN JAMES is a former non-exempt employee of Defendant and a resident

of the State of California.

---

1

**COMPLAINT AND DEMAND FOR JURY TRIAL**

2.  At all times herein mentioned, Defendant, DELTA AIR LINES, INC. ("Defendant or "Delta") was and is a Georgia corporation licensed to do business in California and doing business at 6150 W. Century Blvd., Los Angeles, CA 90045.

3.  At all times herein mentioned, Defendant, ANTHONY PICKARD ("Pickard") was and is an employee of Delta (collectively "Defendants") and a resident of California.

4.  Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff sues them by these fictitious names. Plaintiff is informed and believes that each of the DOE Defendants reside in the State of California and is in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

5.  Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief allege that at all times herein mentioned, each of the remaining co-Defendant, in doing the things hereinafter alleged, was acting within the course, scope and under the authority of his/her agency, employment, or representative capacity, with the consent of her/his co-Defendant.

6.  Plaintiff was employed by Defendant DELTA AIR LINES, INC. as a ramp agent beginning in or around July 2021 at the Los Angeles International Airport ("LAX").

7.  At all times relevant herein, Plaintiff is, and has been, an individual with the disability of Asperger's syndrome.

8.  Defendant perceived Plaintiff to be disabled, although he was able to do his essential job duties with reasonable accommodation. Furthermore, Defendant failed to engage in a good faith interactive process to assess what accommodations Plaintiff would require and thus did not reasonably accommodate Plaintiff.

9.  In or around January of 2022, Plaintiff requested an accommodation for his disability and in October 2022, Plaintiff was assigned as a ticketing and gate agent as an accommodation. In addition, to treat his disability Plaintiff was required to take

COMPLAINT AND DEMAND FOR JURY TRIAL

1    scheduled time off of work to attend psychiatric treatments and check-ups with his

2    doctor.

10.    As part of his reassignment, Plaintiff was supposed to be provided with six (6) weeks of training. Plaintiff requested his training from his manager, ANTHONY PICKARD, but he was not provided a training schedule and would receive training sporadically and without prior notice. Because his training was not completed, Plaintiff was not on a fixed work schedule and Delta did not allow him to schedule time off in advance to attend monthly psychiatrist visits.

11.    Plaintiff was told that because he had not completed his training, under Delta policy he was not allowed to find coverage from other employees for the days he needed to see his psychiatrist. Instead, Delta did not provide Plaintiff with an accommodation to see his doctor once a month, and Plaintiff was forced to call-out for his appointments, to receive his necessary treatment.

12.    On December 6, 2022, Plaintiff was called into a meeting with Mr. Pickard and other supervisors, and told he had 4 call-outs in 4 months. At the meeting, Plainitff again reiterated that the call-outs were necessary for his psychiatrist appointments for his Asperger's treatment. In full knowledge of the fact that Plaintiff's call-outs were for his disability and requested accommodations, Pickard retaliated against Plaintiff and disciplined him with a write-up for missing work due to his disability.

13.    Plaintiff made complaints about the improper write-ups, failure to be provided training, and the failure to accommodate, to two separate supervisors, and his department manager. After his multiple complaints were ignored, Plaintiff requested a transfer out of LAX to a different airport.

14.    Days after putting in his transfer request, on December 14, 2022, Plaintiff received a final corrective action notice ("FCAN") from Mr. Pickard for his attendance, even though Mr. Pickard had been explicitly informed that the call-outs were for his disability treatments. Under the FCAN, Plaintiff's employment was up for review and termination for a period of 6 months, and Plaintiff could not transfer to a different airport for 6 months. Plaintiff

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

1 specifically told Mr. Pickard that he believed that he was being retaliated against for

2 trying to obtain disability treatments, and because he requested a transfer.

3 15. On December 28, 2022, while Plaintiff was in New York he developed symptoms of

4 COVID. He called the Delta hotline on December 29 to seek advice. The Delta hotline

5 urged him to get tested, and informed Plaintiff about the Delta COVID policy at the time.

6 Plaintiff was told that an employee could travel after 5 days after developing symptoms

7 of COVID, if the employee received a negative test. On December 30, Plaintiff received

8 a positive COVID test, and later had a negative test on or around January 2, 2023. Per

9 Delta policy, Mr. James waited until January 3, and flew home.

10 16. After his return, Mr. Pickard informed Plaintiff that he was under investigation for

11 allegedly travelling with COVID even though he followed Delta policy and received a

12 negative diagnosis before travelling.

13 17. On or about January 2023, Pickard began to falsely publicize that Plaintiff flew knowing

14 that he actively had COVID, even though Pickard knew Plaintiff had tested negative and

15 followed Delta policy.

16 18. On January 18, 2023, Plaintiff went on medical and stress leave because of his treatment

17 at the Delta LAX location. Plaintiff's medical leave was approved through October 2023.

18 19. In September of 2023, Plaintiff was made aware of a job opening and offered his same

19 position in Ticketing and Gates at the Miami International Airport ("MIA") in Florida.

20 Mr. James accepted the job through the Delta employee portal and was provided with a

21 start date of November 14, 2023. On reliance of the promise of a new position, in or

22 around late September/early October, Mr. James moved from Los Angeles, California,

23 and got an apartment in Miami, Florida.

24 20. Soon after moving to Florida, Plaintiff was contacted by Delta corporate offices and told

25 he would need to obtain his transfer release paperwork from LAX prior to starting his

26 job at MIA.

27 21. Plaintiff contacted Delta LAX, and learned that Pickard had been promoted and was in

28 charge of the managing support center where he had the authority to sign off on all

 employee transfers. Plaintiff called Mr. Pickard and was told that if he came in to work

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

1    at LAX for a few days starting October 23, Mr. Pickard would release him on October

2    27.

3    22.    Because Mr. James had already moved to Florida and had no where to live in Los

4    Angeles, he contacted the Delta headquarters in Atlanta. Plaintiff was informed he would

5    need to return to LAX by October 27, or the Miami job would be withdrawn.

6    23.    Prior to October 23, 2023, Plaintiff was told that he could not return to work unless he

7    obtained a work release following his disability leave. As instructed, Plaintiff obtained

8    a work release from his doctor and provided it to the representatives at Delta, Mr. Pickard,

9    and the disability leave administrator Sedgewick. Sedgewick told Plaintiff that they had

10    sent the approval for him to return to work directly to Mr. Pickard, but when Mr. James

11    called Mr. Pickard to return to work, Mr. Pickard claimed he had not received the return

12    to work from Sedgewick. Plaintiff again called and emailed Sedgewick, and was told by

13    the Sedgewick claims examiner that they had sent the paperwork to Mr. Pickard, and

14    even if Pickard did not have the paperwork, Plaintiff was cleared to return to work from

      his doctor's note.

15    24.    In Los Angeles, with no permanent residence, Plaintiff began to call Mr. Pickard's office

16    every day to determine when he could return to work. On his scheduled week of return

17    on October 23 and 24, 2023, Plaintiff again called Mr. Pickard and asked if he was able

18    to come in to work and received no response, or was told he would need to wait until the

19    Sedgwick paperwork cleared his return (even though Sedgewick had already sent it).

20    25.    With his transfer to MIA at risk if he did not receive the LAX release from Pickard by

21    October 27, Plaintiff showed up to work at LAX the morning of October 25, 2023 without

22    receiving prior authorization from Pickard. At the end of the day after a full day of work,

23    Mr. Pickard called Plaintiff into his office. Mr. Pickard told Plaintiff that he needed to

24    wait to return to work because he was on inactive status until he received the note from

25    Sedgwick. Plaintiff again reiterated that Sedgwick had cleared him to return to work

26    with the doctor's note he provided. Mr. Pickard told Plaintiff to leave for the day, but to

27    return to work the following morning at 7 a.m. on October 26, and Mr. Pickard would

28    mark him active so they could execute the transfer release.

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

26.    Instead of issuing the transfer release the following day, immediately on arriving at work at LAX on October 26, 2023, Plaintiff was told that he was suspended and being investigated for allegedly violating Delta policy and flying with COVID on January 3, over 10 months prior. This was the second time Plaintiff was investigated by Delta for the same offense.

27.    Due to the suspension by the LAX hub, Plaintiff was unable to start his new position at MIA. Plaintiff was left without a job in Miami, Florida, for two months, and then terminated by Delta on December 20, 2023.

28.    As a result of being subjected to wrongful termination by Defendants, Plaintiff suffered emotional and mental injuries. Further, as a result of all of the foregoing and following actions taken towards Plaintiff as alleged herein, Plaintiff has incurred medical expenses, loss of earnings, benefits, and bonuses in an amount not yet ascertained but subject to proof at trial.

29.    All of the foregoing and following actions taken towards Plaintiff as alleged herein were carried out by defendants in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff.

30.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from losses of earnings and otherwise in amounts as yet unascertained but subject to proof at trial.

## First Cause of Action

### FRAUDULENT INDUCEMENT TO MOVE IN VIOLATION OF LABOR CODE §970

(Against Defendant Delta Airlines, Inc.)

31.    Plaintiffs re-allege the information set forth in Paragraphs 1-30 above and by this reference incorporates said paragraphs herein as though fully set forth at length.

32.    Labor Code Section 970 provides "No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of

labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either:(a) The kind, character, or existence of such work;(b) The length of time such work will last, or the compensation therefor;(c) The sanitary or housing conditions relating to or surrounding the work;(d) The existence or nonexistence of any strike, lockout, or other labor dispute affecting it and pending between the proposed employer and the persons then or last engaged in the performance of the labor for which the employee is sought."

33.    As alleged herein, Defendants made the aforementioned knowingly false representations (regarding the kind, character, existence and compensation of work) to Plaintiff.

34.    As a result of their false representations, Defendants directly and/or indirectly influenced, persuaded or engaged Plaintiff to change her domicile from one place outside of the State of California to another place outside the State of California.

35.    By the aforesaid acts and omissions of defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary loss in an amount not presently ascertained but to be proven at trial.

36.    As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort. and anxiety. Plaintiff does not know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

37.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

38.    Plaintiff is informed and believes and therein alleges that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

7

39. Pursuant to Section 972 of the California Labor Code, Plaintiff is entitled to double damages.

40. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

41. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said defendants engaged in those acts as described in this cause of action entitle plaintiff to punitive damages against said defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said defendants, deter them from engaging in such conduct again, and to make an example of them to others. Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said defendants was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by defendants and done with a conscious disregard for plaintiff's rights and with the intent, design and purpose of injuring plaintiff. By reason thereof, plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

42. Plaintiff also prays for reasonable costs and attorney fees against said defendants, as allowed by California Government Code §12965 and any other applicable statutes for plaintiff's prosecution of this action in reference to the time plaintiff's attorney spends pursuing this cause of action as well as any other applicable statutes.

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

COMPLAINT AND DEMAND FOR JURY TRIAL

<u>Second Cause of Action</u>

**DISABILITY DISCRIMINATION**

(Against Defendant Delta Airlines, Inc.)

43.   Plaintiff re-alleges the information set forth in paragraphs 1-42 as though fully set forth and alleged herein.

44.   This cause of action is based upon *Government Code* section 12926(m), which defines physical disability as having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine, and the disability limits an individual's ability to participate in major life activities.  This cause of action is also based upon *Government Code* section 12940 for discriminating against plaintiff on the basis of physical disability.

45.   Plaintiff's disability (actual and/or perceived) constituted of disabilities as defined above in *Government Code* §12926(m).

46.   Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act by filing charges that defendants violated the California Fair Employment and Housing Act and was issued the Notice of Case Closure/Right-to-Sue Letter granting Plaintiff the right to bring suit against Defendants.

47.   Defendants were aware that Plaintiff was disabled or at least perceived that he was disabled.

48.   Reasonable accommodations could have been made for plaintiff's disabilities.

49.   Defendants discriminated against plaintiff in violation of the *Government Code* sections set forth herein by terminating plaintiff's employment because of his disabilities (actual

COMPLAINT AND DEMAND FOR JURY TRIAL

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

and/or perceived) and requests for disability accommodation.

50.   As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

51.   The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said defendants engaged in those acts as described in this cause of action entitle plaintiff to punitive damages against said defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said defendants, deter them from engaging in such conduct again, and to make an example of them to others.   Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said defendants was ratified by those other individuals who were managing agents of said Defendants.   These unlawful acts were further ratified by defendants and done with a conscious disregard for plaintiff's rights and with the intent, design and purpose of injuring plaintiff.   By reason thereof, plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

52.   Plaintiff also prays for reasonable costs and attorney fees against said defendants, as allowed by California Government Code §12965 and any other applicable statutes for plaintiff's prosecution of this action in reference to the time plaintiff's attorney spends pursuing this cause of action as well as any other applicable statutes.

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

<u>Third Cause of Action</u>

**FAILURE TO REASONABLY ACCOMMODATE A DISABILITY**

(Against Defendant Delta Airlines, Inc.)

53.   Plaintiff re-alleges the information set forth in paragraphs 1-52 though fully set forth and alleged herein.

54.   This cause of action is based upon *Government Code* section 12926(m), which defines physical disability as having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine, and the disability limits an individual's ability to participate in major like activities.  This cause of action is also based upon <u>Government Code</u> section 12940 for discriminating against plaintiff on the basis of his physical disability and for failing to provide reasonable accommodation of plaintiff's physical disability.

55.   This cause of action is also based upon *Government Code* section 12940 for discriminating against Plaintiff on the basis of his disabilities and for failing to provide reasonable accommodation of plaintiff's disabilities.

56.   Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act by filing charges that defendants discriminated against him and his employment and violated the California Fair Employment and Housing Act and has received a Right to Sue Letter.

57.   Plaintiff's disability (actual and/or perceived) constituted of disabilities as defined above in *Government Code* §12926(m).

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

58. Plaintiff is informed and believes and on that basis alleges that defendants were aware of plaintiff's disability (actual and/or perceived) as described above.

59. Reasonable accommodations could have been made for plaintiff's physical disability, but were not provided.

60. Defendants failed to reasonably accommodate plaintiff's disability.

61. As a result of being subjected to defendants' failure to accommodate, discrimination and termination of employment, plaintiff suffered emotional distress. Further, as a result of all of the foregoing and following actions taken towards plaintiff as alleged herein, plaintiff has incurred loss of earnings and benefits in an amount not yet ascertained.

62. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

63. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said defendants engaged in those acts as described in this cause of action entitle plaintiff to punitive damages against said defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said defendants, deter them from engaging in such conduct again, and to make an example of them to others. Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said defendants was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by defendants and done with a conscious disregard for plaintiff's rights and with the

COMPLAINT AND DEMAND FOR JURY TRIAL

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

intent, design and purpose of injuring plaintiff. By reason thereof, plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

64. Plaintiff also prays for reasonable costs and attorney fees against said defendants, as allowed by California Government Code §12965 and any other applicable statutes for plaintiff's prosecution of this action in reference to the time plaintiff's attorney spends pursuing this cause of action as well as any other applicable statutes.

## Fourth Cause of Action

### FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS

(Against Defendant Delta Airlines, Inc.)

65. Plaintiff realleges the information set forth in paragraphs 1-64 as though fully set forth at length.

66. As alleged herein and in violation of California Government Code section 12940(n), Defendants violated the California Fair Employment and Housing Act by, among other things, refusing and/or failing to engage in a timely, good faith, interactive process with Plaintiff regarding his work restrictions and disabilities.

67. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a mental and a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

68. Plaintiff reported the mental and physical disability to Defendants and requested accommodation triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Defendants

LEVY LABOR LAW
5850 Canoga Ave, 4th Floor
Woodland Hills, CA 91367

failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination

69.  As a direct and proximate result of Defendant's willful, knowing, and intentional failure to engage in the interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

70.  As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

71.  The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said defendants engaged in those acts as described in this cause of action entitle plaintiff to punitive damages against said defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said defendants, deter them from engaging in such conduct again, and to make an example of them to others.  Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said defendants was ratified by those other individuals who were managing agents of said Defendants.  These unlawful acts were further ratified by defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

72.   As a result of Defendant's discriminatory, harassing, retaliatory or other illegal and prohibited acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code and other laws as may apply including California Civil Code Section 1021.5.

## Fifth Cause of Action

### RETALATION IN VIOLATION OF FEHA

(Against Defendant Delta Airlines, Inc.)

73.   Plaintiff re-alleges the information set forth in paragraphs 1-72 though fully set forth and alleged herein.

74.   This cause of action is based upon *California Government Code Section* 12940, et seq. which prohibits employers from retaliating against employees because of a disability and/or medical condition.

75.   Defendant violated *California Government Code Section* 12940, et seq. by doing the following acts all because of Plaintiff's disability and/or medical condition, including but not limited to, failing to accommodate Plaintiff's requests for medical leave and terminating and discriminating against Plaintiff because of his disability as described in the general allegations above.

76.   Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act by filing charges that Defendants discriminated and retaliated against him and his employment and violated the California Fair Employment and Housing Act and has received a Right to Sue Letter.

77.   Plaintiff was a qualified employee at the time of his leave, as well as the termination of his employment. Despite his disability and/or medical condition, Plaintiff was able to perform the essential functions of his employment with Defendants with reasonable accommodations. After Plaintiff sought accommodation for his disabilities, Defendants retaliated against Plaintiff by terminating his employment.

LEVY LABOR LAW
5850 Canoga Ave, 4th Floor
Woodland Hills, CA 91367

78. Defendants, through their managers and supervisors, took actions against Plaintiff that exhibited discriminatory motivations, intentions, and consciousness.

79. On the basis of the above, Plaintiff believes and alleges that his disabilities were motivating factors in Defendant's termination of his employment.

80. As a direct and proximate result of Defendant's willful, knowing, and intentional, failure to engage in the interactive process, and retaliation, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

81. As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to her damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

82. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which Defendant engaged in those acts as described in this cause of action entitle Plaintiff to punitive damages against Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish Defendant, deter them from engaging in such conduct again, and to make an example of them to others. Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said Defendants was ratified by those other individuals who were managing agents of Defendant. These unlawful acts were further ratified by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

83. Defendant committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and with a reckless and conscious

1   disregard of Plaintiffs' rights. All actions of Defendant, and their agents and employees,

2   herein alleged were known, ratified and approved by Defendant. Plaintiff is thus entitled

3   to recover punitive and exemplary damages from Defendant, for these wanton,

4   obnoxious, and despicable acts as allowed by law, that will sufficiently punish, make an

5   example of, and deter future conduct by Defendant.

6

7                                   Sixth Cause of Action

8   **WHISTLEBLOWER RETALATION IN VIOLATION OF LABOR CODE §1102.5**

9                          (Against Defendant Delta Airlines, Inc.)

10  84.  Plaintiff re-alleges the information set forth in Paragraphs 1-83 and incorporates these

11       paragraphs into this cause of action as if they were fully alleged herein.

12  85.  Defendants retaliated against and terminated Plaintiff's employment in violation of

13       California Labor Code section 1102.5, after Plaintiff complained to Mr. Pickard,

14       supervisors and managers, regarding requests for medical leave and violation of law.

15  86.  As a proximate result of defendants' wrongful termination of plaintiff's employment in

16       violation of fundamental public policies, plaintiff has suffered and continues to suffer

17       humiliation, emotional distress, and mental and physical pain and anguish, all to his

18

19       damage in a sum according to proof.

20  87.  As a result of defendants' wrongful termination of Plaintiff's employment, Plaintiff has

21       suffered general and special damages in sums according to proof.

22  88.  Defendants' wrongful termination of plaintiff's employment was done intentionally, in a

23       malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

24

25  89.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

26       Pursuant to Code of Civil Procedure sections 1021.5 and 1032, et seq., Plaintiff is

27       entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

28

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

Seventh Cause of Action

**RETALIATION FOR TAKING MEDICAL LEAVE UNDER CFRA**

(Against Defendant Delta Airlines, Inc.)

90.   Plaintiff re-alleges the information set forth in Paragraphs 1-89 and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

91.   At all times herein mentioned, FEHA, Government Code sections 12900-12996, was in full force and effect and was binding on Defendants. This includes Government Code section 12945.2, which is commonly referred to as the California Family Rights Act ("CFRA"). This statute requires Defendants to refrain from discriminating, harassing, or retaliating against any employee on the basis of that employee's need to take a leave because of pregnancy, disability, or leave in conjunction with adoption of a child. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

92.   Plaintiff believes and on that basis alleges that leave to for court appointments and inspections from Child Protective Services pertaining to his custody of his grandchildren, were factors in Defendants' termination of his employment.

93.   As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

94.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

95.   Defendants' misconduct was done intentionally, in a malicious, despicable, oppressive manner, entitling Plaintiff to punitive damages against Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

1

2                              Eighth Cause of Action

3                      **DEFAMATION/SLANDER PER SE**

4                            (Against all Defendants)

5   96.   Plaintiff realleges the information set forth in Paragraphs 1-95 as though fully set forth

6         and alleged herein.

7

8   97.   Plaintiff is informed and believes that Defendants, and each of them, by the herein-

9         described acts, conspired to, and in fact, did negligently, recklessly, and intentionally

10        cause excessive and unsolicited internal and external defamatory statements, of and

11        concerning Plaintiff, to third persons and to the community. These false and defamatory

12        statements included, but were not limited to, express and implied, accusations that

13        Plaintiff committed safety violations, including health and welfare violations, travelled

14        with an active COVID infection, was a poor performer, and thus unable to perform the

15        duties of his position.  These and similar statements by Defendants, and each of them,

16        expressly and impliedly asserted that Plaintiff was incompetent and a poor employee

17        and not deserving of gainful employment.

18

19  98.   Such statements violate California Civil Code §§44 et. seq., including §§45, 46.

20  99.   While the precise dates of these statements are not known to Plaintiff, Plaintiff is

21        informed and believes, the statements may have started at the time prior to Plaintiff's

22        termination by creating false claims regarding Plaintiff for the improper purpose of

23        giving the appearance that Plaintiff's wrongful and illegal termination was justified.

24        Plaintiff may also have been compelled to self-publication of these false claims in

25        Plaintiff's job search.   These statements and/or publications were outrageous,

26        negligent, reckless, intentional, and maliciously published and republished by

27

28

Defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional statements and/or publications by Defendants, and each of them, were and continue to be, foreseeably published and republished by Defendants, their agents and employees, and recipients in the community.

100. Plaintiff hereby seeks damages for these statements and/or publications and all foreseeable republications discovered up to the time of trial, whether written or oral.

101. During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants defamed Plaintiff are believed to include, but are not limited to, other agents and employees of Defendants, and each of them, and the community, all of whom are known to Defendants, and each of them, but unknown at this time to Plaintiff.

102. On information and belief, the defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§44, 45, and 46) with the meaning and/or substance that Plaintiff: was a poor performer; that Plaintiff was unable to do his job; that Plaintiff deserved to be terminated; and that Plaintiff deserved to no longer hold employment. These and similar statements by Defendants, and each of them, expressly and impliedly asserted that Plaintiff was an incompetent and poor employee.

103. Plaintiff is informed, believes and fears that these false and defamatory per se statements will continue to be published and/or said by Defendants, and each of them,

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seek redress in this action for all foreseeable republications, including Plaintiff's own compelled self-publications of these defamatory statements.

104. The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

105. None of Defendants' defamatory statements and/or publications against Plaintiff referenced above are true.

106. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

107. Each of the false defamatory per se publications set forth above were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputations, to cause Plaintiff to be fired, to justify Plaintiff's firing, and to retaliate against Plaintiff for prior ill will, rivalry, and disputes in retaliation for Plaintiff'

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

COMPLAINT AND DEMAND FOR JURY TRIAL

1  conduct as set forth above.

2  108.  Each of these publications by Defendants, and each of them, were made with

3  knowledge that no investigation supported the unsubstantiated and obviously false

4  statements. The Defendants, published these statements knowing them to be false,

5  unsubstantiated by any reasonable investigation and the product of hostile witnesses.

6  These acts of publication were known by Defendants, and each of them, to be negligent

7  to such a degree as to be reckless. In fact, not only did Defendants, and each of them,

8  have no reasonable basis to believe these statements, but they also had no belief in the

9  truth of these statements, and in fact knew the statements to be false. Defendants, and

10  each of them, excessively, negligently, and recklessly published these statements to

11  individuals with no need to know, and who made no inquiry, and who had a mere

12  general or idle curiosity of this information.

13  109.  The above complained-of publications by Defendants, and each of them, were made

14  with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff,

15  Plaintiff's good name, reputation, employment and employability. Defendants, and

16  each of them, published these statements, not with an intent to protect any interest

17  intended to be protected by any privilege, but with negligence, recklessness and/or an

18  intent to injure Plaintiff and destroy Plaintiff's reputations. Therefore, no privilege

19  existed to protect any of the Defendants from liability for any of these aforementioned

20  publications or republications.

21  110.  As a proximate result of the publication and republication of these defamatory

22  statements by Defendants, and each of them, Plaintiff has suffered injury to Plaintiff's

23  personal, business and professional reputations including suffering embarrassment,

24  humiliation, severe emotional distress, shunning, anguish, fear, loss of employment,

LEVY LABOR LAW
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367

and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

111.   Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants.

112.   The damages herein exceed $25,000.00 and Plaintiff requests a jury trial.

WHEREFORE, Plaintiff prays for the following relief:

113.   For special damages in an amount according to proof for Plaintiff's loss of past and future earnings, loss of benefits, loss of bonuses, expenses to obtain new employment, loss of job security and all damages flowing therefrom;

114.   For all general and special damages to compensate Plaintiff for any past and future medical expenses and suffering and related damages;

115.   For double damages under Labor Code §970;

116.   For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

117.   For all unpaid wages, premium pay, restitution, and disgorgement of profits due to

LEVY LABOR LAW<br>5850 Canoga Ave. 4th Floor<br>Woodland Hills, CA 91367

Plaintiff;

118.    For waiting time penalties pursuant to Labor Code §203 and all other penalties owed;

119.    For all interest as allowed by law;

120.    For attorney's fees and costs; and

121.    For such other and further relief as the Court deems just and proper.

DATED: November 22, 2024                    **LEVY LABOR LAW**

By:    _____

Jeremy J. Levy, Esq.
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 03/23
For Mandatory Use

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>11/22/2024<br><br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV30899 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Maurice A. Leiter | 54 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 11/22/2024
    (Date)
                    By D. Williams _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

1   CDF LABOR LAW LLP
        Dawn M. Irizarry, State Bar No. 223303
2       dirizarry@cdflaborlaw.com
        Carolina A. Schwalbach, State Bar No. 280783
3       cschwalbach@cdflaborlaw.com
    707 Wilshire Boulevard, Suite 5150
4   Los Angeles, CA 90017
    Telephone:  (213) 612-6300
5
    Attorneys for Defendant
6   DELTA AIR LINES, INC.

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                            **COUNTY OF LOS ANGELES**

10

11  JORDAN JAMES, an individual,              ) Case No. 24STCV30899
                                              )
12              Plaintiff,                     ) Assigned for All Purposes To:
                                              ) Judge: Hon. Maurice A. Leiter
13        vs.                                  ) Dept:    54
                                              )
14  DELTA AIR LINES, INC, a corporation;      )
    ANTHONY PICKARD, an individual ; and      ) **DEFENDANT DELTA AIR LINES, INC.'S**
15  DOES 1 through 50, inclusive,             ) **ANSWER TO PLAINTIFF JORDAN**
                                              ) **JAMES' COMPLAINT**
16              Defendants.                    )
    _____       )

17

18

19

20

21

22

23

24

25

26

27

28

CDF Labor Law LLP

                                    DEFENDANT'S ANSWER TO PLAINTIFF'S
                                                        COMPLAINT
4926-3636-1475.1

Defendant DELTA AIR LINES, INC. ("Defendant") hereby answers Plaintiff JORDAN JAMES' ("Plaintiff") Complaint as follows:

## GENERAL DENIAL

Pursuant to the provisions of § 431.30(d) of the California *Code of Civil Procedure*, Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any acts or omissions on the part of Defendant. Defendant further denies that Plaintiff has sustained any injury, damage or loss by reason of any conduct, action, error or omission on the part of Defendant.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. Further, Plaintiff has not adequately alleged his damages, and has failed to set forth his claims with sufficient particularity to permit Defendant to raise all affirmative defenses. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time.

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint, and each cause of action therein, fails to state facts sufficient to constitute causes of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

2. If Defendant did subject Plaintiff to any wrongful or unlawful conduct, although such is not admitted hereby or herein, Plaintiff had a duty to mitigate any damages he may have suffered and, upon information and belief, Plaintiff failed to adequately do so.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

(Mixed Motive)

3.     Plaintiff is barred, in whole or in part, from asserting his causes of action, insofar as Plaintiff alleges that he alleged protected activity and/or protected characteristic was a substantial factor motivating a decision made by Defendant with respect to Plaintiff's employment, which Defendant denies, the decision would have been taken based on other legitimate considerations.

**FOURTH AFFIRMATIVE DEFENSE**

(Managerial Privilege)

4.     Defendant alleges that Plaintiff's causes of action cannot be maintained because Defendant's conduct, and the conduct of Defendant's officers, managers, or employees while acting in the course and scope of its employment, is protected by the managerial privilege, in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith and for proper, lawful reasons.

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

5.     Plaintiff is barred from maintaining the Complaint and each purported cause of action therein as a result of his unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

**SIXTH AFFIRMATIVE DEFENSE**

(Exclusivity of Workers' Compensation)

6.     Plaintiff's causes of action, and each of them, to the extent they seek damages for alleged emotional distress, humiliation, mental anguish, and/or related injuries, are barred by the exclusive remedy provisions of the California workers' compensation laws, including without limitation California Labor Code Section 3600, et seq.

**SEVENTH AFFIRMATIVE DEFENSE**

(Waiver, Estoppel, and/or Consent)

7.     Plaintiff's claims, if any, are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or consent.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

4926-3636-1475.1

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

(Laches)

3

8.      Plaintiff's claims, if any, are barred, in whole or in part, by the doctrine of laches.

4

**NINTH AFFIRMATIVE DEFENSE**

5

(Business Necessity)

6

9.      Defendant alleges, without admitting that they engaged in any of the acts or

7

omissions alleged in Plaintiff's Complaint, that any such acts or omissions were undertaken for

8

business necessity or for lawful business reasons and because Defendant had good cause to

9

terminate the employment relationship.

10

**TENTH AFFIRMATIVE DEFENSE**

11

(After-Acquired Evidence)

12

10.     Plaintiff is barred, in whole or in part, from asserting his causes of action, and from

13

his causes of action for recovery of damages as alleged and prayed for in the Complaint, by the

14

after-acquired evidence doctrine.

15

**ELEVENTH AFFIRMATIVE DEFENSE**

16

(Plaintiff's Own Conduct and/or Fault of Others)

17

11.     Each of Plaintiff's causes of action are barred, in whole or in part, because if

18

Plaintiff sustained any damage, injury or detriment as alleged in the Complaint, such injury was

19

caused by his own conduct and/or the fault of others for whose conduct Defendant is not liable.

20

**TWELFTH AFFIRMATIVE DEFENSE**

21

(Legitimate Justification/Good Faith)

22

12.     Defendant's actions with respect to the subject matters alleged in the Complaint

23

were undertaken in good faith and for good cause, with the absence of malicious intent to injure

24

Plaintiff, and constitute lawful, proper, and justified means to further the sole purpose of Defendant

25

to engage in and continue its lawful business activities.  By reason thereof, Plaintiff is barred, in

26

whole or in part, from recovery on the alleged causes of action/causes of action contained in the

27

Complaint.

28

4

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

4926-3636-1475.1

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

13.    Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff has failed to properly and timely file his charge and exhaust his administrative remedies as required by the Fair Employment and Housing Act.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Utilize Complaint Procedure)

14.    Some or all of Plaintiff's causes of action are barred because Plaintiff unreasonably failed to timely and fully take advantage of corrective opportunities offered by Defendant, which at all times took reasonable care to prevent discrimination, and/or retaliation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(No Entitlement to Punitive Damages)

15.    Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts of this specific action, would violate the constitutional rights of Defendant under provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Knowledge Justifying Punitive Damages)

16.    Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts alleged in the Complaint, on the grounds that none of its officers, directors or managing agents committed the alleged acts, nor authorized or ratified them, nor did Defendant or its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed said acts, nor did Defendant employ said employees with a conscious disregard of the rights or safety of others.

5

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

2

(Truth)

3        17.        To the extent Defendant made any statements or comments to or about Plaintiff,

4    Defendant affirmatively assert that all such statements and comments were true or substantially

5    true and therefore cannot form the basis of a defamation action.

6

**EIGHTEENTH AFFIRMATIVE DEFENSE**

7

(Community of Interest Privilege)

8        18.        The alleged statements made by Defendant was made without malice to a person

9    interested in the subject matter.

10

**NINETEENTH AFFIRMATIVE DEFENSE**

11

(Failure to Participate in Interactive Process)

12        19.        Plaintiff's claims are barred because any alleged breakdown in the interactive

13    process was due to his failure to engage in such discussions in good faith.

14

**TWENTIETH AFFIRMATIVE DEFENSE**

15

(Failure to Provide Notice/Request Accommodation)

16        20.        Plaintiff's claims for failure to accommodate and/or failure to engage in interactive

17    process, and all other derivative claims based thereon, are barred, in whole or in part, to the extent

18    that Plaintiff failed to notify Defendant of his alleged disability and/or to request a reasonable

19    accommodation or make known an accommodation was necessary to perform the essential

20    functions of his job position and/or failed to properly request any applicable leave.

21

**PRAYER FOR RELIEF**

22        **WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

23        1.        That judgment be entered in favor of Defendant and against Plaintiff;

24        2.        That Plaintiff's Complaint and each cause of action therein be dismissed with

25    prejudice;

26        3.        That Defendant be awarded its costs incurred herein, and reasonable attorneys' fees

27    pursuant to the California Fair Employment and Housing Act and any other applicable statute; and

28        4.        That the Court orders such other and further relief for Defendant as the Court may

6

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

1    deem just and proper.

2

3    Dated:  December 20, 2024          CDF LABOR LAW LLP
                                         Carolina A. Schwalbach
4

5
                                    By: _____
6                                             Dawn M. Irizarry
                                    Attorneys for Defendant
7                                   DELTA AIR LINES, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                 7        DEFENDANT'S ANSWER TO PLAINTIFF'S
                                                                   COMPLAINT

1

## **PROOF OF SERVICE**

2

3        STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

4

5        I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, CA 90017.  On December 20, 2024, I served upon the interested party(ies) in this action the following document described as: DEFENDANT DELTA AIR LINES, INC.'S ANSWER TO PLAINTIFF JORDAN JAMES' COMPLAINT

6

7

8        By the following method:

9        Jeremy J. Levy, Esq. (SBN 309462)
         LEVY LABOR LAW
10       5850 Canoga Ave. 4th Floor
         Woodland Hills, CA 91367
11       Tel: (866) 470-1263

12       FAX: (747) 264-6044
         E-MAIL: jjlevy@levylaborlaw.com

13       For processing by the following method:

14   [X]    **(Electronic service)**  Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service addresses listed above.  For represented parties, I confirmed the appropriate electronic service address for the counsel being served.  For unrepresented parties, if any, the unrepresented party(ies) have expressly consented to electronic service.

15

16

17       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19       Executed on December 20, 2024, at Los Angeles, California.

20       _____        _____
              Levon Baghdasaryan
21            (Type or print name)                      (Signature)

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

CDF Labor Law LLP

4926-3636-1475.1

1

## <u>PROOF OF SERVICE</u>

2

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

4

5    I, the undersigned, declare that I am employed in tshe aforesaid County, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 5150, Lsssos Angeles, CA 90017.

6    On December 20, 2024, I served upon the interested party(ies) in this action the following document described as: DEFENDANT DELTA AIR LINES, INC.'S

7    NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(a) AND 1446

8

9    By the following method:

10   Jeremy J. Levy, Esq. (SBN 309462)
LEVY LABOR LAW
5850 Canoga Ave. 4th Floor

11   Woodland Hills, CA 91367
Tel: (866) 470-1263

12

13   FAX: (747) 264-6044
E-MAIL: iilevv@levvlaborlaw.com

14   For processing by the following method:

15   [X]   **(via FRCP)**  Pursuant to FRCP Rule 5(b)(2)(E), I caused the documents to be sent to the persons at the electronic service addresses listed above pursuant to

16   the parties' agreement to electronic service.

17   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19   Executed on December 20, 2024, at Los Angeles, California.

20   _____          _____
            Levon Baghdasaryan

21               (Type or print name)                          (Signature)

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES
DISTRICT

CDF Labor Law LLP

4900-0240-4099.2