UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
| Title | Jordan James v. Delta Airlines Inc. et al. | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

Proceedings:    ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [10]

### I.  Introduction

Before the Court is Plaintiff Jordan James' motion to remand. ECF No. 10. For the following reasons, Plaintiff's motion is GRANTED.

### II.  Background

#### A. Allegations in Plaintiff's Complaint

Plaintiff's complaint makes the following allegations relevant to his remand motion:

In July 2021, Plaintiff started working for Defendant Delta Airlines Inc. ("Delta" or "Defendant") as a ramp agent at Los Angeles International Airport ("LAX"). Compl. ¶ 6, ECF No. 1, Ex. A. In January 2022, Plaintiff requested a change of position to accommodate his disability of Asperger's syndrome. *Id.* ¶ 8. Defendant responded by reassigning Plaintiff as a ticketing and gate agent. *Id.* ¶ 9. In this new position, Plaintiff's manager was Defendant Anthony Pickard. *Id.* ¶ 10.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Jordan James v. Delta Airlines Inc. et al.* | | |

To treat his disability, Plaintiff often had to take time off work to attend psychiatric checkups. *Id.* ¶ 9. On December 6, 2022, Plaintiff was called into a meeting with Mr. Pickard and other supervisors. *Id.* ¶ 12. In that meeting, Pickard admonished Plaintiff for calling out of work four times in the last four months. *Id.* Plaintiff explained that the call-outs were for psychiatric treatment. But despite this explanation, Pickard nonetheless wrote Plaintiff up for missing work. *Id.*

On December 28, 2022, Plaintiff developed symptoms of covid-19 while traveling in New York. *Id.* ¶ 15. Plaintiff called "the Delta hotline" the next day for advice on how to proceed. *Id.* The Delta hotline urged him to get tested and informed him of Delta's covid-19 policy, which was that employees could travel five days after developing covid-19 symptoms if they received a negative test. *Id.* The next day, Plaintiff tested positive for covid-19. *Id.*

But just a few days later, on January 2, 2023, Plaintiff tested negative for covid. Accordingly, he flew home on January 3, 2023, five days after first developing symptoms, in accordance with Delta policy. *Id.* Upon his return, however, Plaintiff's supervisor, Anthony Pickard, began falsely publicizing that Plaintiff flew home knowing that he actively had covid-19. *Id.* ¶ 17. Plaintiff alleges that Pickard did this even though he knew that Plaintiff tested negative before flying and followed Delta policy. *Id.*

Due to these negative experiences at the Delta LAX location, Plaintiff went on medical and stress leave on January 18, 2023. *Id.* ¶ 18. While on leave, Plaintiff received an offer to transfer to Miami International Airport. *Id.* ¶ 19. This transfer required the approval of his previous supervisor, Anthony Pickard. *Id.* ¶¶ 20-21. Plaintiff accordingly asked Pickard to approve his transfer. Soon after making this request, Delta suspended his employment on the grounds that he was being investigated for flying with covid on January 3, 2023 in violation of Delta policy. *Id.* ¶ 26. Delta terminated Plaintiff's employment shortly thereafter, on December 20, 2023. *Id.* ¶ 27.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
| Title | *Jordan James v. Delta Airlines Inc. et al.* | | |

### B. Procedural History

On November 22, 2024, Plaintiff brought various employment and related claims against Delta and Anthony Pickard in Los Angeles Superior Court. ECF No. 1, Ex. A. Most of Plaintiff's claims are directed at Delta. In broad strokes, Plaintiff alleged that Delta failed to accommodate his disability, retaliated against him for taking leave, and wrongly terminated his employment. *See id.* Plaintiff's only claim against Pickard is Plaintiff's defamation claim, which he also brought against Delta. Plaintiff's defamation claim is based on allegations that Delta and Pickard maliciously publicized various false and defamatory statements about Plaintiff, including that he was a poor performer and that he travelled with an active covid infection. Compl. ¶ 97.

Delta removed the case to this Court on December 20, 2024. ECF No. 1. Plaintiff moved to remand on January 17, 2025. ECF No. 10.

### III. Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990);

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Jordan James v. Delta Airlines Inc. et al.* | | |

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). The burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### IV. Discussion

Delta removed this case pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1. To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)-(a)(1).

The parties do not dispute that the amount in controversy exceeds $75,000, so jurisdiction turns on the question of complete diversity. For there to be complete diversity, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Here, the parties do not dispute that Plaintiff is a citizen of California, Defendant Delta is a citizen of Georgia, and Defendant Pickard is a citizen of California. *See* Compl. ¶¶ 1-3. Accordingly, assuming all three defendants were properly named, there is no complete diversity in this case—both Plaintiff and Pickard are citizens of California.

But this facial lack of diversity does not end the Court's analysis. This is because "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548. That is exactly what Delta contends here: that Pickard is a fraudulently joined defendant such that its California citizenship does not undermine complete diversity.

The Court thus turns to the question central to Plaintiff's remand motion: is Pickard a fraudulently joined defendant? "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability to establish a cause of action against the non-diverse party in state court." *Id.* at 548. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton*

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Jordan James v. Delta Airlines Inc. et al.* | | |

*Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). To make this showing, "[t]he defendant seeking removal to federal court is entitled to present facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Delta argues that Pickard is fraudulently joined under the second prong: that Plaintiff cannot establish a cause of action against Pickard. Making this showing requires proving "that an individual joined in the action cannot be liable on any theory." *Grancare, LLC*, 889 F.3d at 548. "[I]f there is [even] a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* (emphasis in original). Indeed, the failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). These high standards reflect the principle that "a defendant invoking federal diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC*, 889 F.3d at 548. (quotations omitted) (cleaned up).

### A. It is possible for Plaintiff to state a claim for defamation against Pickard.

Applying these standards to the case at hand, the question for the Court is whether, taking all of Plaintiff's allegations as true, there is any possibility that a state court could find that Plaintiff's complaint states a cause of action against Pickard. *See id.* To state a claim for defamation, plaintiffs must plead: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007).

:
|  |  |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Jordan James v. Delta Airlines Inc. et al.* | | |

      **i.**      **A California court would find that Plaintiff sufficiently alleged that Pickard made a publication that is false, defamatory, and has a natural tendency to injure.**

Plaintiff's defamation claim essentially rests on his allegation that in January 2023, "Pickard began to falsely publicize that Plaintiff flew knowing that he actively had COVID, even though Pickard knew Plaintiff had tested negative and followed Delta policy." Compl. ¶ 17. Already, this allegation is sufficient to establish the first two elements of defamation: a false publication.

Next is the requirement that the publication be defamatory. A written statement is libel per se, and thus defamatory, if "a reader would perceive a defamatory meaning without extrinsic aid beyond his or her intelligence and common sense." *Barker v. Fox & Assocs.*, 240 Cal. App. 4th 333, 351-52 (2015). Similarly, a verbal statement is slander per se if the statement "has a natural tendency to injure a person's reputation, either generally, or with respect to his occupation." *Regalia v. The Nethercutt Collection*, 172 Cal. App. 4th 361, 368 (2009).

Here, Plaintiff alleges that Pickard publicized that Plaintiff flew home in January 2022 (the height of the Omicron variant of covid-19) knowing that he was actively infected with covid-19. Compl. ¶ 17. In other words, Pickard accused Plaintiff of knowingly putting dozens of strangers at risk of catching an incredibly contagious disease that killed hundreds of thousands of people in the United States over a mere two-year span. Such an accusation certainly "has a natural tendency to injure a person's reputation," *Regalia*, 172 Cal. App. 4th at 368; and anyone receiving that statement "would perceive a defamatory meaning without extrinsic aid beyond his or her intelligence and common sense." *Barker*, 20 Cal. App. 4th at 351-52. Accordingly, while Plaintiff does not specify whether this publicization was in the form of a written or verbal statement, it clearly satisfies the standards for both libel and slander per se. Plaintiff has thus sufficiently alleged that Pickard made a defamatory statement.

And because the statement is defamatory per se, Plaintiff has also established the final defamation requirement: that the statement has a natural tendency to injure.

                                                                                                                          :

Initials of Preparer                      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Jordan James v. Delta Airlines Inc. et al.* | | |

        **ii.**      **While Plaintiff may not sufficiently allege that the statement is unprivileged, he can readily fix any deficiency through amendment.**

    The fourth requirement is that the statement at issue be unprivileged. Delta contends that Plaintiff cannot establish a claim against Pickard because his accusation that Plaintiff traveled with an active covid infection would be subject to the common-interest privilege. "The common-interest privilege explicitly applies to nonmalicious communications within a company concerning the job performance of a current employee, and to managers' communications to colleagues about employees." *Arnaud v. Little Caesar Enterprises, Inc.*, No. 18-cv-0131, 2018 WL 4772274, at *4 (C.D. Cal. Oct. 1, 2018). This privilege includes "statements by management and coworkers to other workers explaining why an employer disciplined an employee," *McGrory v. Applied Signal Tech., Inc.*, 212 Cal. App. 4th 1510, 1538 (2013); and communications between fellow managers who had a common business interest in an employee's termination. *Narayan*, 284 F. Supp. 3d 1076, 1084 (E.D. Cal. 2018).

    But the common-interest privilege is not absolute. It only applies to communications made "without malice." Cal. Civ. Code § 47(c). "The malice necessary to defeat a qualified privilege is 'actual malice' which is established by showing that the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and thereafter acted in reckless disregard of the plaintiff's rights." *Taus*, 40 Cal. 4th at 721. A plaintiff "must specifically allege actual malice. A general allegation of malice will not suffice; [a] plaintiff must allege detailed facts showing [a] defendant's ill will towards him." *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (Ct. App. 1990).

    Here, the common-interest privilege likely applies to the statement at issue. While Plaintiff does not specifically allege the circumstances in which Pickard "falsely publicize[d]" that Plaintiff knowingly flew home with an active covid infection, the implication is that the statement was made to other members of Delta management, as Plaintiff allegedly traveling with a covid infection was the reason that he was investigated, suspended, and ultimately terminated from his position. *See* Compl. ¶¶ 16, 17, 26-28.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
| Title | *Jordan James v. Delta Airlines Inc. et al.* | | |

Because the common-interest privilege applies, Plaintiff cannot state claim for defamation unless he can establish actual malice. Even at the pleading stage, Plaintiff "must specifically allege actual malice. A general allegation of malice will not suffice; plaintiff must allege detailed facts showing [a] defendant's ill will towards him." *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (Ct. App. 1990).

In this case, it is certainly feasible that a California court could hold that Plaintiff has not pled sufficient facts to support a finding of actual malice. Yes, Plaintiff did allege that Pickard accused Plaintiff of flying with an active covid infection "even though Pickard knew that Plaintiff had tested negative and followed Delta policy"—i.e., that Pickard knowingly lied about Plaintiff. Compl. ¶ 17. But that Pickard knew that Plaintiff had tested negative for covid-19 is a conclusory allegation that Plaintiff fails to bolster with any supporting facts.

But the question for the Court is not whether Plaintiff *has* sufficiently stated a claim for defamation; it is whether it is *possible* that Plaintiff *could* state such a claim. *See Grancare*, 889 F.3d at 548 ("[I]f there is a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Relevantly, "[a] defendant's simple allegation that a plaintiff has not pled sufficient facts to state a claim is not enough to establish fraudulent joinder if the plaintiff can potentially amend the complaint to allege a viable claim." *Warren v. WinCo Foods, LLC*, No. 1:22-cv-00594-SAB, 2022 WL 3026785, *16 (E.D. Cal. Aug. 1, 2022).

For example, in *Warren v. WinCo Foods*, the court remanded the case despite potential deficiencies in Plaintiff's allegations of malice because "Defendants have not provided a clear or convincing argument as to why Plaintiff should or would not be afforded an opportunity to plead additional facts regarding malice, aside from generally proffering it is implausible that Plaintiff could plead sufficient facts." 2022 WL 3026785, at *23. The exact same situation presents itself here. Yes, there may be potential deficiencies in Plaintiff's allegations of actual malice, but those deficiencies could be easily remedied by amendment. Accordingly, were a California court evaluating this case and dissatisfied with Plaintiff's current

:

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Jordan James v. Delta Airlines Inc. et al.* | | |

allegations regarding actual malice, it would not find that there was no "possibility" that Plaintiff could state a claim for defamation against Pickard. Quite the opposite, the California court would provide Plaintiff the opportunity to amend his complaint—an implicit acknowledgement that there is indeed a possibility that Plaintiff could so state a claim. And while it is certainly possible those amendments would not bear fruit, that his claims may ultimately fail does not mean that, as a matter of law, it is "obvious according to the well-settled rules" of California that Plaintiff cannot possibly state a claim against Pickard.

In short, while it is possible that a California court would find Plaintiff's allegations of actual malice deficient, these deficiencies are factual in nature, not legal. Under such circumstances, a finding of fraudulent joinder is improper. *See Garcha v. Quality Quartz Eng'g, Inc.*, No. 19-cv-01989-YGR, 2019 WL 2464489, at *5 (N.D. Cal. June 13, 2019) ("Thus, although the Court takes no position on whether plaintiff has pleaded sufficient facts to successfully state a claim for relief against [the allegedly fraudulent defendant], it is at least possible that plaintiff may be able to state such a claim, either based on the complaint as pleaded or if granted leave to amend . . . the Court [thus] finds that defendants have failed to meet their burden to show that [the defendant at issue] was fraudulently joined."); *see also Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1179 (E.D. Cal. 2020) ("[D]efendants conflate their burden to establish an insufficiently pled claim under Rule 12(b)(6) with the impossibility standard of the fraudulent joinder doctrine, and, in doing so, have failed to address how it is impossible for plaintiff to cure the pleading deficiencies identified above[.]"); *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1244 (C.D. Cal. 2015) (rejecting reliance on "a case in which the court found that the plaintiff had failed to plead sufficient facts rebutting the qualified privilege . . . because [that] court addressed the plaintiff's pleadings in the context of a motion to dismiss, as opposed to the more stringent standard for fraudulent joinder . . . at this juncture, plaintiff's burden is not to rebut the privilege, but rather to raise the possibility that she may be able to rebut that privilege in state court . . . [a]s stated above, the Court finds that plaintiff has alleged sufficient facts to plead malice in the fraudulent joinder context.").

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Jordan James v. Delta Airlines Inc. et al.* | | |

### B. That Pickard has not been properly served does not impact the Court's analysis.

Defendant argues that the Court should deny Plaintiff's motion to remand because Pickard has not been served with the Summons and Complaint. But whether Plaintiff has served the allegedly fraudulently joined defendant is irrelevant to the Court's analysis. *See Smith v. Morgan*, No. 23-cv-3205-MWF, 2023 WL 6541836, at *1 (C.D. Cal. Oct. 6, 2023) ("[N]either Plaintiffs' intent nor their failure to properly serve the Complaint is relevant to the fraudulent joinder analysis."); *see also Frank v. FCA US LLC*, No. 20-cv-2699-GW, 2020 WL 3487640, at *6 (C.D. Cal. June 15, 2020) ("The fact that Plaintiff has not yet served [the alleged fraudulent defendant] does not negate the possibility that Plaintiff may be able to establish a negligent repair claim against [that defendant] in state court."). The question for the Court is whether there is complete diversity between the parties such that this Court has subject matter jurisdiction via 28 U.S.C. 1332 (a.k.a., diversity jurisdiction). If Pickard is not fraudulently joined, then the answer to that question is no regardless of whether Plaintiff has effectively served Pickard. The Court therefore rejects this argument and declines to consider that Plaintiff has not yet effectuated service on Pickard.

### C. Attorney Fees

Plaintiff requests that the Court award him attorney fees because, as he contends, Defendant's removal was "objectively unreasonable." Mot. to Remand at 13. Courts may award plaintiffs attorney fees when granting a motion to remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Grancare*, 889 F.3d at 552.

Defendant's removal in this case, while ultimately unsuccessful, was not so baseless as to be objectively unreasonable. Indeed, as the Court points out above, there are real deficiencies with Plaintiff's actual malice allegations. While this is insufficient to establish fraudulent joinder, it is enough to establish that Defendant's removal was not so frivolous as to warrant the award of attorney fees. The Court thus denies Plaintiff's request for fees.

:

Initials of Preparer                PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-10992-SVW | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Jordan James v. Delta Airlines Inc. et al.* | | |

### V.   Conclusion

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. This case is remanded back to California state court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |